Filed 6/30/21  P. v. Hempstead CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> MARVIN RAY HEMPSTEAD, <br><br> Defendant and Appellant. | F081184 <br><br> (Fresno Super. Ct. No. F19907981) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Glenda Allen-Hill, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P.J., Levy, J. and Detjen, J.

## INTRODUCTION

Appellant and defendant Marvin Ray Hempstead pleaded no contest to a felony violation of Penal Code section 273.5, subdivision (f)[1] and was sentenced to the indicated term of four years. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[2]

On November 30, 2019, defendant and his girlfriend (hereafter "victim") had been in a dating relationship for six months and living together for two days. The victim returned to their residence that afternoon and discovered defendant had consumed half a 1.75-liter bottle of vodka. Defendant demanded that she take him somewhere. She refused and they argued about his drinking. Defendant slapped her neck and knocked her to the floor. He stood over her and said, " 'You think this is a game.' " Defendant then choked her with both his hands around her neck. The victim tried to kick him away but could not do so. She did not lose consciousness, but everything became "foggy." She was able to grab her cell phone and call 911. Defendant let her go when she realized she called the police.

When officers arrived at the residence, they observed blood on the victim's lips and red marks around her neck. She was treated at the scene by emergency medical responders and did not required hospitalization. At her request, the officers issued a criminal protective order.

The officers advised defendant of the warnings pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436. Defendant said he became frustrated with the victim because he was going to miss going to his class. Defendant claimed that when she returned to their

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The following facts are from the police reports, which the parties stipulated to as the factual basis, as summarized in the probation report.

residence, her lip was already bleeding. The officers determined defendant was highly intoxicated and terminated the interview.

## PROCEDURAL BACKGROUND

On December 3, 2019, a felony complaint was filed in the Superior Court of Fresno County charging defendant with count 1, corporal injury to a spouse/cohabitant/person in a dating relationship, with a prior conviction for the same offense in 2017 (§ 273.5, subd. (f)(1)), and count 2, assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), with one prior prison term enhancement (§ 667.5, subd. (b)).

On December 4, 2019, a first amended felony complaint was filed that again charged defendant with counts and 1 and 2. As to count 1, it was alleged he had a prior conviction for violating section 273.5, subdivision (a) in 2017.

As to both counts, it was alleged he had two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)): assault with a deadly weapon other than a firearm, or with force likely to produce great bodily injury, upon a peace officer in 2001 (§ 245, subd. (c)) and residential burglary in 1991 (§§ 459, 460). Defendant was arraigned and pleaded not guilty. The court issued and personally served defendant with a criminal protective order prohibiting contact with the victim in this case.

**Plea proceedings**

On January 23, 2020, defendant entered into a negotiated disposition and pleaded no contest to count 1, admitted the attached prior conviction, and admitted the two prior strike convictions. The court dismissed count 2 and indicated it would impose a term of four years imprisonment.

Defendant also admitted violating probation in an unrelated misdemeanor case with a different victim. The court revoked probation and ordered the criminal protective order to continue as to that victim.

3.

**Sentencing hearing**

On February 25, 2020, the court conducted the sentencing hearing. Defendant requested dismissal of the prior strike convictions pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, because the strikes were separated by a significant period of time. The People opposed the motion because defendant had several prior convictions and he was on misdemeanor probation when he committed the instant offense.

The court denied defendant's request to dismiss the prior strike convictions and found defendant's behavior had escalated and become more serious. The court found defendant was ineligible for probation because of the prior strikes and imposed the lower term of two years for count 1, doubled to four years. The court issued and served defendant with a criminal protective order prohibiting contact with the victim until 2023 (§ 136.2, subd. (i)(1)).

The court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and suspended the parole revocation fine in the same amount (§ 1202.45). It also imposed a $40 court operations assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373).

On May 19, 2020, defendant filed a timely notice of appeal.

On December 14, 2020, this court granted defendant's motion to amend and construe the notice of appeal to state that it was " 'based on the sentence or other matters occurring after the plea that do not affect the validity of the plea.' "

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on December 16, 2020, we invited defendant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.